ANTHONY CORTI, Plaintiff, *v.* LEON WEXLER, Defendant.

Supreme Court, Warren County, April 18, 1936.

*Silverman & Silverman,* for the plaintiff.

*Jacob M. Frankel,* for the defendant.

CREGG, J.   This action is brought by the plaintiff, a cement mason, against the defendant, a contractor, to recover $325.75, being the difference between the sum paid to him upon a public works contract and the sum to which he claims he is entitled. The project is known as the Ticonderoga Armory and plaintiff worked there between July 22, 1934, and March 3, 1935.

The complaint alleges in substance that the specifications upon which the contract for the armory was let and the contract itself provide for a minimum wage of one dollar per hour for cement masons.   It alleges that the defendant violated the requirements of said specifications and the provisions of the contract in that he paid the plaintiff only seventy-five cents per hour, and that by reason thereof plaintiff is entitled to recover the balance of twenty-five cents per hour.

The defendant moves to dismiss the complaint on the grounds that the plaintiff has failed to allege that the plaintiff or someone working upon the project made complaint to the Industrial Commissioner as required by subdivision 7 of section 220 of the Labor Law and that a determination fixing the prevailing rate of wages had been made by the Commissioner and that this action was begun within three months thereafter as required by subdivision 8 of section 220 of the Labor Law.   The defendant cites in support of his contention the case of *Olsen* v. *Brooklyn Ash Removal Co., Inc.* (268 N. Y. 693), and claims that the instant case is identical. That case arose under section 220, and in my judgment does not apply to the facts in this case.

Plaintiff claims that this action is based upon section 220-d of the Labor Law. That section was added by chapter 733 of the Laws of 1933 and amended by chapter 747 of the Laws of 1934, six years after the original act took effect. It reads as follows:

" § 220-d. The advertised specifications for every contract for the construction, reconstruction, maintenance and/or repair of public work to which the State, county, town and/or village is a party shall contain a provision stating the minimum hourly rate of wage which can be paid, as shall be designated by the industrial commissioner, to the laborers, workingmen or mechanics employed in the performance of the contract, either by the contractor, subcontractor or other person doing or contracting to do the whole or a part of the work contemplated by the contract, and the contract shall contain a stipulation that such laborers, workingmen or mechanics shall be paid not less than such hourly minimum rate of wage."

The evident intent and purpose of the amendment was to require the State of New York and certain subdivisions thereof to fix a minimum rate of wages to be paid upon public works projects and thereby eliminate the necessity of compelling a laborer to make complaint and thereafter to wait for a determination thereon by the Commissioner before he can bring an action.

I am, therefore, of the opinion that the complaint in this case states a good cause of action under section 220-d of the Labor Law.

Motion to dismiss is denied, with ten dollars costs.